IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CT-3071-FL

| | | |
|---|---|---|
| THURMAN M. JUDGE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STACY HAYES, Correctional Officer; | ) | ORDER |
| BUCEPHALUS EDGE, Correctional | ) | |
| Officer; JAMES GRAY, Sgt.; WILLIAM | ) | |
| L. BULLARD, Unit Manager; | ) | |
| KENNETH TORNES, Lt.; SONYA B. | ) | |
| HYATT, Registered Nurse, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motions to dismiss for failure to state a claim (DE 20, DE 34), and plaintiff's motion to amend complaint (DE 42). The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court grants defendants' motions and denies plaintiff's motion.

**STATEMENT OF THE CASE**

On March 16, 2016, plaintiff, a state prisoner filed this civil rights action pro se pursuant to 42 U.S.C. § 1983, asserting claims of "misuse of force, denial of due process, denial of medical care, [and] violation of the Eighth and Fourteenth Amendments to the United States Constitution and State and Federal statutory rights," as to events that occurred on November 14, 2009. (DE 1 at 6). On November 14, 2009, plaintiff alleges that while he was employed as a barber in Tabor Correctional Institution, another inmate assaulted plaintiff and plaintiff was injured. (Id. at 6-7).

In conjunction with his complaint, plaintiff files extensive documentation regarding his previous pursuit of medical and legal remedies regarding these injuries. (See DE 1-1 at 1-89).

On January 17, 2017, the court conducted a frivolity review of the complaint under 28 U.S.C. § 1915, allowing plaintiff's claims to proceed. On June 26, 2017, defendants Stacy Hayes, James Gray, William L. Bullard, Kenneth Tornes, and Sonya B. Hyatt filed the instant motion to dismiss for failure to state a claim or, in the alternative, motion for summary judgment, arguing that the action is barred by the statute of limitations, the complaint fails to state a claim against defendants, and that defendants are entitled to qualified immunity. In support of the motion, these defendants included the applicable grievance form filed by plaintiff which was considered resolved by the North Carolina department of corrections on January 29, 2010. On August 10, 2017, defendant Bucephalus Edge filed the instant motion to dismiss, asserting the same three arguments as asserted by the other defendants.

Plaintiff, in response to the instant motions to dismiss, filed two motions for extension of time to file responses, both of which the court granted, setting plaintiff's time to respond as October 23, 2017. (DE 28, DE 40). On September 7, 2017, plaintiff filed the instant "motion to amend complaint," to which all defendants filed a joint response in opposition on September 12, 2017, to which plaintiff filed a reply entitled "response to dismissal and attachment to amended complaint" on October 4, 2017.

**DISCUSSION**

There is no federal statute of limitations for actions brought under 42 U.S.C. § 1983. Instead, the analogous state statute of limitations applies. See Wallace v. Kato, 549 U.S. 384, 387 (2007). Specifically, the state statute of limitations for personal injury actions governs claims brought under

42 U.S.C. § 1983. See id. North Carolina has a three-year statute of limitations for personal injury actions. N.C. Gen. Stat. § 1-52(5); see Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996). Although the limitations period for claims brought under § 1983 is borrowed from state law, the time for accrual of an action is a question of federal law. Wallace, 549 U.S. at 388; Brooks, 85 F.3d at 181. A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Owens v. Baltimore City State's Attorneys Office, 767 F.3d 379, 389 (4th Cir. 2014). Finally, "[w]hen a state statute [of limitations] is borrowed . . . the federal court will also borrow the state rules on tolling." Shook ex rel Shook v. Gaston Cnty. Bd. of Educ., 882 F.2d 119, 121 (4th Cir. 1989); see Bd. of Regents v. Tomanio, 446 U.S. 478, 483–85 (1980); Bonneau v. Centennial Sch. Dist. No. 28J, 666 F.3d 577, 580 (9th Cir. 2012).

Plaintiff's complaint, filed March 16, 2016, alleges he was injured on November 14, 2009. (DE 1). Plaintiff's complaint was filed more than six years after the alleged November 2009 assault. Plaintiff would have possessed sufficient facts to support the instant claim no later than November 2009, when he claims he was assaulted. Accordingly, plaintiff's claims would have accrued no later than November 2009 and, in order to be timely, had to have been filed no later than November 2012. Plaintiff offers no evidence or argument that would allow the court to find his claims subject to tolling.[1]

Plaintiff's additional filings in this case do not change this conclusion. First, plaintiff's "amended complaint" contains only additional factual details concerning the events that occurred

---

[1] Defendants concede that some circuits have allowed for equitable tolling to allow for the exhaustion of administrative remedies in regards to the statute of limitations, although defendant argues neither the Fourth Circuit nor North Carolina have done so in the context of a prisoner case. (DE 21 at 5; DE 35 at 5). Defendants assert that even if the court employed such tolling, plaintiff exhausted his administrative remedies on January 29, 2010, which still would not make this lawsuit timely. (Id.).

on November 14, 2009 and legal argument regarding plaintiff's claims, but it does not alter or add to the claims as found in plaintiff's original complaint. (See DE 42). Thus, given the court's holding, that plaintiff's claims are barred by the applicable statute of limitations, the court denies plaintiff's "motion to amend complaint" as futile.

Turning to plaintiff's "response to dismissal and attachment to amended complaint," it appears plaintiff argues that the court should disregard or toll the statute of limitations in that "plaintiff was advised by legal counsel and personal competency to exhaust 'all' remedies before bringing claims against defendants." (DE 46 at 7). Based on the documents submitted by plaintiff in conjunction with his original complaint, it appears that plaintiff may be defining "all remedies" as not limited to administrative remedies as found under the Prison Litigation Reform Act, requiring the exhaustion of administrative remedies within the prison system before bringing the current type of suit, see 42 U.S.C. § 1997e(a), but as any legal action related to prisoner's claims.[2]

"As a general rule, absent applicable state law tolling limitations in personal injury actions, limitations periods are not tolled during the pendency of administrative proceedings." Roberts v. Wood Cty. Comm'n, 993 F.2d 1538 (4th Cir. 1993) (unpublished) (citing Patsy v. Bd. of Regents, 457 U.S. 496, 514 n.17 (1982); Board of Regents v. Tomanio, 446 U.S. 478, 490-92 (1980)). North Carolina has no applicable tolling provision. See also Kolomick v. United Steelworkers of America, District 8, 762 F.2d 354, 356 (4th Cir.1985) ("tolling does not apply in situations where a plaintiff

---

[2] The court notes that plaintiff filed an action with the North Carolina Industrial Commission, constituted to hear certain claims pursuant to the North Carolina Tort Claims Act, on February 12, 2010, which was dismissed 1) in that the claim asserted by plaintiff was not a tort and 2) "for plaintiff to pursue remedy under the Worker's Compensation Act within the time period prescribed by law." (DE 1-1 at 35-37). This ruling was eventually upheld by the North Carolina Court of Appeals on January 7, 2014. (DE 1-1 at 41, 49 (stating "Plaintiff may file a workers compensation claim within 12 months of his discharge from defendant's custody.")).

pursues relief through parallel administrative proceedings."); <u>Goldman v. Simmons</u>, No. 5:12-CT-3118-F, 2012 WL 8466137, at *3 (E.D.N.C. Oct. 10, 2012), <u>dismissed</u>, 511 F. App'x 241 (4th Cir. 2013) (holding plaintiff's § 1983 action is barred by North Carolina statute of limitations and noting "Plaintiff fails to cite any authority for his argument that his prosecution of a similar civil case along a parallel track in state court somehow 'tolls' the statute of limitations for purposes of his § 1983 action in federal court.").

## CONCLUSION

Based on the foregoing, defendants' motions to dismiss are  GRANTED (DE 20, DE 34), and plaintiff's claims are DISMISSED WITH PREJUDICE as barred by the applicable statute of limitations.  Plaintiff's motion to amend complaint is DENIED (DE 42).  The clerk is DIRECTED to close the case.

SO ORDERED, this the 29th day of March, 2018.


LOUISE W. FLANAGAN
United States District Judge